1   NICOLA T. HANNA
    United States Attorney
2   JERRY C. YANG
    Assistant United States Attorney
3   Chief, Riverside Branch Office
    JOHN A. BALLA (Cal. Bar No. 295474)
4   Assistant United States Attorney
    Riverside Branch Office
5        3403 Tenth Street, Suite 200
         Riverside, CA 92501
6        Telephone: (951) 276-6246
         Facsimile: (951) 276-6202
7        E-mail:    john.balla@usdoj.gov

8   Attorneys for Plaintiff
    UNITED STATES OF AMERICA

9

10                  UNITED STATES DISTRICT COURT

11              FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. ED CR 20-00161-DMG

13              Plaintiff,             PLEA AGREEMENT FOR DEFENDANT
                                       DONOVAN PHAM NGUYEN
14              v.

15  DONOVAN PHAM NGUYEN,

16              Defendant.

17

18       1.   This constitutes the plea agreement between Donovan Pham

19  Nguyen ("defendant") and the United States Attorney's Office for the

20  Central District of California (the "USAO") in the above-captioned

21  case.   This agreement is limited to the USAO and cannot bind any

22  other federal, state, local, or foreign prosecuting, enforcement,

23  administrative, or regulatory authorities.

24                        DEFENDANT'S OBLIGATIONS

25       2.   Defendant agrees to:

26            a.   At the earliest opportunity requested by the USAO and

27  provided by the Court, appear and plead guilty to count 1 of the

28  indictment in United States v. Donovan Pham Nguyen, ED CR No. 20-

00161-DMG, which charges defendant with Impersonation of a Federal Officer in violation of 18 U.S.C. § 912.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by General Order 20-043 or another order, rule, or statute. Defendant understands that, under the Constitution, the United States Code, the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely. Defense counsel also joins in this consent, agreement, and waiver.

Specifically, this agreement includes, but is not limited to, the following:

    i.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

    ii.  Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

    iii. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

    a.   Not contest facts agreed to in this agreement.

    b.   Abide by all agreements regarding sentencing contained in this agreement.

    c.   At the time of sentencing, move to dismiss the remaining count of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

    d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to

U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

      e.   Because the justice system is facing an unprecedented crisis through the backlog of cases, the parties agree that the defendant is entitled to a two-level downward variance as recognition of defendant's early acceptance of responsibility, which will lessen the burden on the court system by: (1) waiving any right to presence and pleading guilty at the earliest opportunity by VTC (or telephone, if VTC is not reasonably available); (2) waiving any right to presence and agreeing to be sentenced by VTC (or telephone, if VTC is not reasonably available) should the Central District of California's General Order allow for it; (3) agreeing to appear at all other times by VTC or telephone; and (4) waiving all appellate rights.

      f.   Should the Court sentence defendant to a term of imprisonment, recommend that defendant not be required to self-surrender to serve his sentence until on or after February 1, 2021, unless defendant violates the conditions of his bond.

<u>NATURE OF THE OFFENSE</u>

    4.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Impersonation of a Federal Officer, in violation of Title 18, United States Code, Section 912, the following must be true:

      a.   First: The defendant falsely pretended to be an officer or employee acting under the authority of the Department of Homeland Security, Homeland Security Investigations; and

      b.   Second: The defendant acted as such.

PENALTIES

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 912, is: 3 years' imprisonment; a 1-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

1   collateral consequences will not serve as grounds to withdraw
2   defendant's guilty plea.
3        8.   Defendant understands that, if defendant is not a United
4   States citizen, the felony conviction in this case may subject
5   defendant to: removal, also known as deportation, which may, under
6   some circumstances, be mandatory; denial of citizenship; and denial
7   of admission to the United States in the future.  The Court cannot,
8   and defendant's attorney also may not be able to, advise defendant
9   fully regarding the immigration consequences of the felony conviction
10  in this case.  Defendant understands that unexpected immigration
11  consequences will not serve as grounds to withdraw defendant's guilty
12  plea.

13                              FACTUAL BASIS

14       9.   Defendant admits that defendant is, in fact, guilty of the
15  offense to which defendant is agreeing to plead guilty.  Defendant
16  and the USAO agree to the statement of facts provided below and agree
17  that this statement of facts is sufficient to support a plea of
18  guilty to the charge described in this agreement and to establish the
19  Sentencing Guidelines factors set forth in paragraph 11 below but is
20  not meant to be a complete recitation of all facts relevant to the
21  underlying criminal conduct or all facts known to either party that
22  relate to that conduct.

23       In or around 2015, defendant began working as a security
24  employee for Village Management Services ("VMS") at Laguna Woods
25  Village in Laguna Woods, California.  In his time there, he falsely
26  told his co-workers that he was a Special Agent with the Department
27  of Homeland Security, Homeland Security Investigations ("HSI").  On
28  different occasions, he used that falsely assumed title to conduct

1   traffic stops on his co-workers and search them, neither of which he
2   could do under his position with VMS.

3        In May 2019, while working for VMS, defendant met Special Agents
4   with the Department of State, Diplomatic Security Service ("DSS"),
5   while the agents prepared to execute an arrest warrant at Laguna
6   Woods Village.  Defendant falsely told the agents that defendant was
7   a Special Agent with HSI.  On or about May 30, 2019, defendant acted
8   as an HSI Special Agent by attending a briefing with the assigned DSS
9   agents regarding execution of the warrant.  Defendant was permitted
10  to attend the briefing because he posed as an HSI Special Agent.  On
11  May 30, 2019, still in his falsely assumed character and wearing
12  clothing indicating he was an HSI Special Agent, defendant entered
13  and remained in a private residence at Laguna Woods Village while DSS
14  agents executed the arrest warrant there.  Again, he acted as an HSI
15  Special Agent and was therefore permitted to enter and remain in the
16  private residence during the execution of the warrant.

17       On June 1, 2020, defendant spoke with an investigator from the
18  Riverside County District Attorney's Office in Riverside, California,
19  and falsely told the investigator that he was a Special Agent with
20  HSI.  Defendant then discussed a pending investigation with the
21  investigator, including HSI's potential involvement in that
22  investigation.

SENTENCING FACTORS

24       10.  Defendant understands that in determining defendant's
25  sentence the Court is required to calculate the applicable Sentencing
26  Guidelines range and to consider that range, possible departures
27  under the Sentencing Guidelines, and the other sentencing factors set
28  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

1   Sentencing Guidelines are advisory only, that defendant cannot have
2   any expectation of receiving a sentence within the calculated
3   Sentencing Guidelines range, and that after considering the
4   Sentencing Guidelines and the other § 3553(a) factors, the Court will
5   be free to exercise its discretion to impose any sentence it finds
6   appropriate up to the maximum set by statute for the crime of
7   conviction.

8       11.   Defendant and the USAO agree to the following applicable
9   Sentencing Guidelines factors:

10  Base Offense Level:            6            U.S.S.G. § 2J1.4(a)

11  The impersonation was
    committed for the purpose of
12  conducting an unlawful
    arrest, detention, or search:  +6           U.S.S.G. § 2J1.4(b)(1)
13

14  Defendant and the USAO reserve the right to argue that additional
15  specific offense characteristics, adjustments, and departures under
16  the Sentencing Guidelines are appropriate.

17      12.   Defendant understands that there is no agreement as to
18  defendant's criminal history or criminal history category.

19      13.   Defendant and the USAO reserve the right to argue for a
20  sentence outside the sentencing range established by the Sentencing
21  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
22  (a)(2), (a)(3), (a)(6), and (a)(7).

23              WAIVER OF CONSTITUTIONAL RIGHTS

24      14.   Defendant understands that by pleading guilty, defendant
25  gives up the following rights:

26          a.   The right to persist in a plea of not guilty.

27          b.   The right to a speedy and public trial by jury.

28

8

1         c.   The right to be represented by counsel -- and if

2 necessary have the Court appoint counsel -- at trial.  Defendant

3 understands, however, that, defendant retains the right to be

4 represented by counsel -- and if necessary have the Court appoint

5 counsel -- at every other stage of the proceeding.

6         d.   The right to be presumed innocent and to have the

7 burden of proof placed on the government to prove defendant guilty

8 beyond a reasonable doubt.

9         e.   The right to confront and cross-examine witnesses

10 against defendant.

11         f.   The right to testify and to present evidence in

12 opposition to the charges, including the right to compel the

13 attendance of witnesses to testify.

14         g.   The right not to be compelled to testify, and, if

15 defendant chose not to testify or present evidence, to have that

16 choice not be used against defendant.

17         h.   Any and all rights to pursue any affirmative defenses,

18 Fourth Amendment or Fifth Amendment claims, and other pretrial

19 motions that have been filed or could be filed.

20         i.   Understanding that the government has in its

21 possession digital devices and/or digital media seized from

22 defendant, defendant waives any right to the return of digital data

23 contained on those digital devices and/or digital media and agrees

24 that if any of these digital devices and/or digital media are

25 returned to defendant, the government may delete all digital data

26 from those digital devices and/or digital media before they are

27 returned to defendant.

28

## WAIVER OF APPEAL OF CONVICTION

15.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16.   Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is no more than the high-end of the Sentencing Guidelines range calculated by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

17.   Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a

10

post-conviction collateral attack based on a claim of ineffective assistance of counsel or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.   Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

18.   The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

19.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

20.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

21.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

speedy trial claim with respect to any such action, except to the
extent that such defenses existed as of the date of defendant's
signing this agreement.

c.   Defendant agrees that: (i) any statements made by
defendant, under oath, at the guilty plea hearing (if such a hearing
occurred prior to the breach); (ii) the agreed to factual basis
statement in this agreement; and (iii) any evidence derived from such
statements, shall be admissible against defendant in any such action
against defendant, and defendant waives and gives up any claim under
the United States Constitution, any statute, Rule 410 of the Federal
Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
Procedure, or any other federal rule, that the statements or any
evidence derived from the statements should be suppressed or are
inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

23.   Defendant understands that the Court and the United States
Probation and Pretrial Services Office are not parties to this
agreement and need not accept any of the USAO's sentencing
recommendations or the parties' agreements to facts or sentencing
factors.

24.   Defendant understands that both defendant and the USAO are
free to: (a) supplement the facts by supplying relevant information
to the United States Probation and Pretrial Services Office and the
Court, (b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it

13

chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 11 are
consistent with the facts of this case.  While this paragraph permits
both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

   25.  Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to the
maximum established by statute, defendant cannot, for that reason,
withdraw defendant's guilty pleas, and defendant will remain bound to
fulfill all defendant's obligations under this agreement.  Defendant
understands that no one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise regarding
the sentence defendant will receive, except that it will be within
the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

   26.  Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

///

///

14

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney


_____                    10/13/2020
JERRY C. YANG                        _____
JOHN A. BALLA                        Date
Assistant United States Attorneys


_____                    10/8/2020
DONOVAN PHAM NGUYEN                   _____
Defendant                            Date

_____                    10/8/2020
RENEE GARCIA                         _____
Attorney for Defendant               Date
DONOVAN PHAM NGUYEN


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or

15

representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _10/8/2020_____
DONOVAN PHAM NGUYEN                        Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Donovan Pham Nguyen's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to

///

///

1   support my client's entry of a guilty plea pursuant to this

2   agreement.

3

4   _____          ____10/8/2020____
    RENEE GARCIA                             Date
    Attorney for Defendant
5   DONOVAN PHAM NGUYEN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28