**LAW OFFICE OF BRUCE BRIDGMAN**
Renee Garcia, SBN 175213
600 Santa Ana Blvd., Suite 910
Santa Ana, California 92701
Facsimile: (714) 954-0118
Telephone: (714) 309-0639
reneegarcialaw@gmail.com
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 5:20-CR-00161 DMG |
| *Plaintiff,* | DEFENDANT'S SENTENCING BRIEF AND OBJECTION TO PSR. EXHIBIT A |
| vs. | |
| DONOVAN PHAM NGUYEN | Sentencing Date: 02/03/2021
Sentencing Time: 3:30 PM |
| Defendant. | |

**TO THE HONORABLE DOLLY M. GEE, UNITED STATES DISTRICT COURT JUDGE, THE UNITED STATES ATTORNEY'S OFFICE AND ITS ATTORNEY OF RECORD**:

Defendant Donovan Nguyen by and through his counsel of record, Renee Garcia, hereby submits the following for sentencing consideration.

Defendant's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report ("PSR"), and any other evidence or argument that the Court may wish to consider at the time of sentencing. Defendant respectfully requests the opportunity to supplement his position or respond to the Government as may become necessary.

Dated: January 21, 2021                          Respectfully Submitted,

                                                 *Renee Garcia*
                                                 By: _____
                                                 Renee Garcia
                                                 Attorney for Defendant
                                                 Donovan Nguyen

## INTRODUCTION

Defendant respectfully submits this memorandum in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S. C. Section 3553(a). Mr. Nguyen has accepted responsibility for his conduct and will make a further statement to the Court at the time of sentencing. Mr. Nguyen has engaged in self- reflection and has opened up honestly to his family regarding his impersonation.

After full analysis of the sentencing factors in this case, the information provided to the defense and probation, Defendant requests that the Court impose the following sentence and make the following recommendations: one year probation, imposition of no fine, and a $100 special penalty assessment.

## FACTUAL BACKGROUND

Mr. Donovan Nguyen immediately cooperated with law enforcement and admitted his culpability. He acknowledged his wrongdoing when he pled guilty to Impersonation of a Federal officer in violation of 18 U.S.C. § 912. Mr. Nguyen immediately admitted that he falsely pretended to be an officer or employee acting under the authority of the Department of Homeland Security and that he acted as such. Mr. Nguyen was a security employee for Village Management Services. He falsely told his co-workers that he was a Special Agent with the Department of Homeland Security, Homeland Security Investigations, [HSI]. Mr. Nguyen conducted pat down searches and falsely conducted a traffic stop on one of his co-workers using this false title.

In May 2019 Mr. Nguyen participated in the briefing and execution of a search warrant with Special Agents from the department of State at his place of employment, Laguna Woods Village, using his false title as Special Agent with Homeland Security Investigations. In June of 2020, Mr. Nguyen spoke with an investigator from the Riverside County District Attorney's office regarding a pending investigation, including HSI's potential involvement, and falsely informed them that he was a Special Agent with Homeland Security Investigations.

## SENTENCING GUIDELINES

Mr. Nguyen has no prior convictions and no one was injured during his actions which should be considered in mitigation. The Statutory maximum sentence for a violation of Title 18 U.S.C. §912 is 3 years imprisonment, 1-year period of supervised release and a fine of $250,000, and a mandatory special assessment of $100. The applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2J1.4(a) |
| The impersonation was committed For the purpose of conducting an Unlawful arrest, detention, or search | 6 | U.S.S.G. § 2J1.4(b)(1) |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1 |
| Extraordinary Acceptance | -2 | |
| Total Offense Level | 7 | |

At the time of sentencing, the USAO agreed to recommend a three-level reduction for Mr. Nguyen's acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, in addition to a

two-level downward variance in recognition of Mr. Nguyen extraordinary acceptance of responsibility for the offense. This would place Mr. Nguyen at an offense level of 7, with a sentencing range of 0-6 months.

Mr. Nguyen is requesting that this Court depart downward from the adjusted offense level based upon the Government's agreement and understanding of Mr. Nguyen's extraordinary acceptance of responsibility and cooperation from the very beginning of the investigation. Additionally, the Government has recommended an extra 3 level reduction due to COVID 19 and all its impact on the judicial system.

Mr. Nguyen objects to the proposed supervised release condition 2 contained in the sentence recommendation letter. Mr. Nguyen agrees with the Government that home detention or supervised release is not necessary to ensure that he not engage in any further criminal conduct. His feelings of insecurity initially led him to impersonate someone with a higher level of achievement. Once the lie started, he saw no way out. As indicated in his personal statement, he has learned his lesson and is deeply ashamed of his behavior. Given the fact that he has no prior criminal record, it is highly unlikely that he will re-offend.

**Pursuant to 18 U.S. Code § 3553**

In light of *United States v. Booker*, 125 U.S. 738 (2005) the sentencing guidelines are advisory but are but one factor to be considered by the Court in fashioning an appropriate sentence, a sentence that is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. Section 3553(a). The Sentencing Guidelines are only a starting point for the Court in crafting a reasonable sentence. Indeed, under Section 3553(a), the district courts are required to sentence below

4

the range if such a sentence would be sufficient to achieve the purposes of sentencing. As a result, the sentencing guideline range is no longer binding on the Court, they are merely advisory and only one of the several factors to be considered in determining sentence. *Booker*, 124 S.Ct. at 764-65. The Court's ultimate duty is to ensure that the sentence imposed reflects the principles set forth in 18U.S.C. Section 3553(a). *See Nelson v. United States*, 555 U.S. 350, 351(2009). Moreover, "the punishment should ft the offender and not merely the crime." *Pepper v. United States*, 562 U.S. 476, 487-88 (2011) (*quoting Williams v. New York*, 377 U.S. 241, 247 (1949).)

18 U.S.C. Section 3553(a) (1)-(7) provide the Court with other factors to include in fashioning of a reasonable sentence:

(a)Factors to Be Considered in Imposing a Sentence.

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

Mr. Nguyen's personal history and characteristics are clearly outlined in the PSR. Mr. Donovan Nguyen grew up in an unstable home. When Donovan was in elemental school, his parents underwent a bitter divorce and child custody dispute. His family life was dysfunctional and there was no consistency. He went through five different elementary schools due to his parent's behavior. After his father won the custody battle, they moved from Aliso Viejo to Riverside. Donovan joined the Naval Junior ROTC at Martin Luther Kind High School. Donovan completed a youth boot camp through the United States Marine Corps called Devil Pups. This resulted in Donovan volunteering to be an Eagle Assistant for Drill Instructors with the Devil Pups for three years. [See attached Reference

5

by Michael A. Rhodes] Donovan graduated MLK High School with honors. He furthered his education at Riverside Community College and worked full time at Parkview Community Hospital Medical Center as a Public Safety Officer and Vietnamese translator.

In 2008, Mr. Nguyen obtained a government contract with the Department of Homeland Security as an Armed Protective Security Officer assigned to the Air and Marine Operations Center, [AMOC] at March Air Force Reserve Base. This was especially coveted because Donovan's desire to join the Marine Corps was thwarted due to financial obligations to his family. Mr. Nguyen was considered a responsible leader, supervisor, hardworking and loyal by his superiors. [See attached letter from Commander Mark J. Gaouette.]

Mr. Nguyen falsely impersonated a federal officer not with any malicious intent. He felt he was not living up to his father's expectations, nor his own. Mr. Nguyen is extremely responsible and began caring for his younger half-brother upon the death of his Step-father. However, when Mr. Nguyen's brother committed suicide in January 2019 this was an extremely difficult time period and Mr. Nguyen suffered depression himself.

When Mr. Nguyen moved to Orange County to take care of his half-brother, he began operating a small security company, Vigilantz Protective Services. In October 2015 Mr. Nguyen secured a job at Laguna Woods Village as Security Supervisor. In May 2018, he married his wife Trang Nguyen. They are currently expecting their first child. Mr. Nguyen is deeply dedicated to Buddhism. He dedicates his time to charity and humanitarian work with Buddhist Temples and Monasteries.

Mr. Nguyen immediately accepted responsibility and expressed his deep regret and remorse over his conduct in this matter. He understands that his actions could have caused harm to others and is humbled into ensuring that this never occurs again. His motivations were not for ill will, or personal gain. Instead, he suffered from a lack of self-worth and professional pride.

2. The need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The proposed sentence clearly reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. Based upon Mr. Nguyen's prior lack of criminal history, will adequately deter criminal conduct and protect the public from any further crimes. This conduct was an aberration and it has deterred him from ever commit any other type of offense again. He is more than willing to comply with all the terms of probation.

## CONCLUSION

Mr. Donovan Nguyen, requests that this Court exercise its discretion and impose the minimally sufficient sentence.

1. The condition of probation as articulated in the sentence recommendation letter disclosed by probation.
2. Mr. Nguyen requests that this Court not impose a period of confinement or home detention.
3. Mr. Nguyen requests that there be no costs of location monitoring.
4. Imposition of a $100 special assessment
5. Mr. Nguyen agrees to the terms of using his true legal name.
6. Mr. Nguyen agrees to DNA sample.
7. Mr. Nguyen agrees to search conditions set forth in the sentence recommendation letter disclosed by probation.
8. Mr. Nguyen agrees to participate in any treatment and counseling.

DATED: January 21, 2021

Respectfully Submitted:

*Renee Garcia*

By: _____
Renee D. Garcia

# CERTIFICATE OF SERVICE

I, Renee Garcia declare:

That I am a citizen of the United States and a resident of or employed in Orange County, California; that my business address is the Law Office of Renee Garcia, 600 W. Santa Ana Blvd., Suite 910, Santa Ana, California 92701; that I am over the age of 18; and that I am not a party to the above-titled action;

That on January 25, 2021, I caused to be transmitted via e-mail to the person(s) below and addressed as follows:

DEFENDANT'S SENTENCING BRIEF AND OBJECTION TO PSR. EXHIBIT A

On the following persons:

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
3403 Tenth Street, Suite 200
Riverside, CA 92501
E-mail: jerry.yang@usdoj.gov

JOHN A. BALLA (Cal. Bar No. 295474)
Assistant United States Attorney
Riverside Branch Office
3403 Tenth Street, Suite 200
E-mail: john.balla@usdoj.gov

This Certificate is executed on January 25, 2021, at Santa Ana, California. I certify under penalty of perjury that the foregoing is true and correct.

*Renee Garcia*

_____
Renee Garcia

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

Letter of Recommendation for Donovan Nguyen

From: Commander Mark J. Gaouette, USN-Ret.          October 15, 2020

My name is Mark Gaouette. I am a native of Southern California and a graduate of UCLA. I am a retired Naval Officer with the rank of Commander. While serving in the navy, I was a surface warfare officer and finished my active duty and reserve duty with the Office of Naval Intelligence. I am a combat rated Veteran with service connected disabilities.

I served in the Foreign Service of the United States Department of State for twenty years in the Bureau of Diplomatic Security (DSS). I served as the Regional Security Officer (RSO) at five United States Embassies including La Paz Bolivia, Managua Nicaragua, Moscow Russia, Beirut Lebanon, and Sana'a Yemen. Each of these country assignments was for a period of one to two years. In this capacity, among other security related duties, I managed a U.S. Marine Corps Guard Force for the physical protection of the embassy and its personnel. I received numerous meritorious and superior honor awards for my service in the Department of State.

During further government service with the Department of Homeland Security, Customs and Border Protection, I came to know Mr. Donovan Nguyen, whom I hired to serve as the lead guard supervisor at the Air Marine Operation Center in Riverside, California. I was immediately impressed with Donovan in his responsibilities as a leader, supervisor of personnel, and as an exceptionally trustworthy and loyal security professional. As mentioned, I managed numerous USMC guard programs at five US embassies and I am in earnest when saying that Donovan was by far, in my opinion the best qualified to lead any large and complex guard program.

It is for these reasons given my credentials and long service to this country, that I beseech the court to consider that in my professional security opinion, Donovan Nguyen is not a felonious individual, nor have I ever known him to be dishonest, or evasive in his personal or private actions for illegal or illicit purposes. Quite the contrary, to me, his actions as a guard supervisor, and later as a businessman led me to believe that he personified honesty and hard work with a dedication to serving his community in the interest of security. This is exemplified by numerous security related contracts with the community for which trust is paramount.

Although I am not fully aware of the circumstances nor the motivations for any alleged misconduct, I can report that never, in my almost five years of professional (US Government) supervision and association of, and with Donovan Nguyen, have I ever known him to falsify records, carry out illegal activities, or fail to complete a standing order for the success of my security program at the Air Marine Operation Center.

1

Letter of Recommendation for Donovan Nguyen

I could not have been as successful as I was in my duties as the security Manager for the Air Marine Operation Center, a federal facility with over three hundred employees and over a million dollar security budget were it not for the professionalism and trustworthiness of its lead guard supervisor. Indeed, prior to my departure from the Air Marine Operations Center for greater security responsibilities in 2011, I voluntarily wrote for Mr. Nguyen, a glowing letter of recommendation in appreciation of his loyal and trustworthy service in the protection of the large government facility and its personnel.

This is not of course, an endorsement or an attempt to downplay any alleged wrongdoing by Mr. Nguyen, nor to excuse it. Whatever the allegations, I can attest that they were in my view, extremely "out of character" and a regrettable "lapse of judgement" on Donovan's part and not indicative of any continued or intended illicit behavior.

I would ask that the court take these views into its consideration and grant to maximum levels available, clemency and leniency on his behalf.

I know that this experience has greatly saddened and embarrassed Donovan, as well as his spouse and his family and is not indicative of any future intent to mislead others or to engage in a lifestyle of such behavior. I know that Donovan is remorseful and fully accepts his actions, but on this occasion, I would ask that he not be punished in such a way as to disrupt the otherwise bright future of a young man whom I consider to be an intelligent and respected citizen in our community.

Thank you,
Respectfully,

*Mark Gaouette*

Mark Gaouette
Commander, USN-Ret.

2

To Whom It May Concern:

It is with the utmost zeal, enthusiasm and passion that I author this letter of recommendation for Mr. Donovan Nguyen. I have known Mr. Nguyen for more than 20 years, and had daily contact with him for four years when he was a student leader and I was his teacher at Martin Luther King High School in Riverside, California. In addition, I had a great deal of contact with him subsequent to his high school graduation, as he volunteered each year to assist young men and women who attended the "Devil Pups" program at Camp Pendleton, a youth and character development program for 14-17 year old students.

As a retired United States Marine Corps Officer, Criminal Investigator, Special Agent with the Naval Criminal Investigative Service, Graduate of the 185th Session of the FBI National Academy, and Retired Teacher and High School Principal. I have had the opportunity to observe, interact and evaluate countless thousands of young men and women in a variety of roles. Donovan is one of the finest young adults I have ever interacted with.

The purpose of this correspondence is to plead with the court to consider his background as you make the very difficult decision to mete any sanctions related to his case. This an OUTSTANDING young man, who, in my estimation "acted out of character". He has never had any interactions with any court for any matter, indicative of who he really is. His moral fiber has always been impermeable, and he has always set a good example for others.

While in high school, he was the Commanding Officer of his NJROTC (Naval Junior Reserve Officer Training Corps) unit. In fact, he was the Battalion Commander, responsible for more than 180 students. He was a shining example of what a selfless leader does to ensure the success of those in his charge, always putting the needs of others before his own. He was never involved in any of the typical high school activities such as engaging in activities not in his best interest. As an "Eagle" with the Devil Pups program, where once again, he was a leader, he set a fine example for the other "Eagles" and also for the 600 young men and women who came through the program each year.

Mr. Nguyen has always been a very generous and giving man. Donating time and resources to help those in need is but one of his many attributes. Either through the Buddhist Temple or other

10/16/2020

organizations, he has consistently demonstrated and involved himself in the lives of others, and continues to do so today.

After more than 22 years in law enforcement, and 18 as a teacher and site administrator, I had to intervene so many times for victims and their families. I would often make the distinction between a "mistake" and an "act". To clarify, I would point out that a mistake was, simply put, just that. A one time endeavor. Conversely, I would also reflect on an act, and point out that, despite having engaged in that activity, or one closely related, and, perhaps even being sanctioned for it, they would commit or engage in the behavior again. This is a good man who made a mistake.

In the end, please consider his past while making decisions about his future. Recently married with a child on the way, he wants and needs to be there for his family. One instance of deviating from who he truly is should not dictate his future. He is an intelligent, affable, kind and caring adult who will no doubt learn and grow from this experience.

Respectfully,

13

Michael A. Rhodes
rhodesrunner@yahoo.com